# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4814 | **DATE** | 3/11/2004 |
| **CASE TITLE** | Atlas vs. City of N. Chicago et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] As stated in the attached Memorandum Opinion and Order, defendants' motion to dismiss pursuant to Federal Rule 12(b) [16-1] is granted in part and denied in part. The motion to dismiss is granted as to Counts VI and VIII. The motion to dismiss is granted as to Mosesel for Counts II, IV, V and VII. The motion is to dismiss is granted as to Thomas for Count III. The motion to dismiss is denied as to the remaining counts. Plaintiff is given twenty-one days to file an amended complaint consistent with this order. Status hearing set for 4/13/04 at 9:00 a.m. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 12 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 20 |
| | Copy to judge/magistrate judge. | 2004 MAR 11 PM 3:48 | 3/11/2004 date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL E. ATLAS,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF NORTH CHICAGO, an<br>Illinois Municipal Corporation,<br>MAYOR BETTE THOMAS individually,<br>and in her official capacity, and<br>DEVON MOSESEL individually<br><br>    Defendants. | No. 03 C 4814<br><br>Mag. Judge Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Defendants, City of North Chicago ("City"), Bette Thomas ("Thomas"), and Devon Mosesel ("Mosesel") (collectively "Defendants"), filed a motion to dismiss plaintiff's, Michael Atlas ("Atlas"), eight-count complaint in its entirety pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] Atlas has agreed to voluntarily dismiss Count I for conspiracy under 42 U.S.C. §1985(2) without prejudice, and it is so ordered. The motion to dismiss the remaining counts for First Amendment Retaliation in violation of 42 U.S.C. §1983 (Count IV) and various state claims is the subject of this opinion.[2] Atlas' state claims include intentional infliction of emotional distress (Count II),

---

[1] Although Defendants' motion generally cites Rule 12(b) and does not specify the appropriate subsection, we interpret this as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.

[2] Both parties submitted imprecise pleadings. Plaintiff pled each of his eight claims against all three named defendants even though many claims do not apply to every defendant. Defendants compounded the problem by filing a blanket motion to dismiss every count as to all Defendants. In the future, the parties are encouraged to provide us with more accurate



battery (Count III), retaliatory discharge (Count V), public disclosure of private facts (Count VI), false light (Count VII), and City liability under 745 ILCS §10/9-102 (Count VIII). For the following reasons, we GRANT in part and DENY in part Defendants' motion to dismiss.

## *Factual Background*

Atlas began working for the City on August 27, 2001 in its Comptroller's Department. At that time, Thomas was the mayor of the City and Mosesel was a City employee. Sometime in July, 2002, while at work, Atlas was served with a subpoena, ordering him to appear before the Lake County, Illinois Grand Jury on July 17, 2002. The claims in Atlas' complaint stem from actions he alleges Thomas, Mosesel and other City employees undertook from the time he received the subpoena, until he was terminated from his employment with the City in December, 2002. Atlas alleges that he was retaliated against in violation of federal and state law and subjected to various state law torts in an initial attempt to dissuade him from complying with the subpoena, and later, in retaliation for his subsequent compliance with the subpoena.

## *Legal Analysis*

In granting a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*,

---

pleadings that address each defendant and claim individually, when appropriate.

355 U.S. 41, 45-46 (1957). Plaintiff's well-pled complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47. The "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

### Count IV - Retaliation in violation of 42 U.S.C. §1983

Because plaintiff voluntarily dismissed his federal conspiracy claim under 42 U.S.C. §1985(2), we begin by addressing his only remaining federal claim, First Amendment Retaliation in violation of 42 U.S.C. §1983 (Count IV). If Defendants succeed on their motion to dismiss Count IV, we could end our analysis of the motion and decline to extend supplemental jurisdiction over plaintiff's remaining state court claims. However, Defendants' motion to dismiss Count IV fails as to defendant Thomas, so our analysis of the state claims must proceed.

There are separate standards for pleading a §1983 claim against the City, a municipality, and Thomas and Mosesel, individuals. In order to state a valid First Amendment retaliation claim against the City, Atlas must plead that his civil rights violations resulted from (1) an express policy of the City, (2) a widespread practice or custom within the City, or (3) the actions of a person with final policymaking authority. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978); *Looper Maintenance Serv. V. City of Indianapolis*, 197 F.3d 908, 912 (7th Cir. 1998). The City cannot be held liable under the theory of *respondeat superior*.

Plaintiff has failed to plead an express policy of retaliation by the City, that

3

retaliation is a widespread practice or custom within the City, or that any of the actions alleged in the complaint were undertaken by a person with final policymaking authority. Atlas does plead that Thomas, the mayor of the City, committed or ordered the alleged retaliatory actions. However, Atlas does not plead that Thomas has final policymaking authority with the City. Therefore, Defendants' motion to dismiss Count IV for First Amendment retaliation as to the City is granted without prejudice.

In order to state a valid First Amendment retaliation claim against the individual defendants, Atlas must allege that (1) he was engaged in constitutionally protected speech, (2) retaliation having a materially adverse employment action occurred, and (3) his complaints were a substantial motivating factor in the adverse employment actions. *Pickering v. Board of Education*, 391 U.S. 563 (1968).

Plaintiff has not alleged a valid §1983 claim against Mosesel. Atlas merely alleged that Mosesel battered him by throwing a bottle and hitting him in the eye. Atlas does not allege any conduct by Mosesel that could be grounds for a §1983 retaliation claim. Consequently, Count IV is dismissed as to Mosesel.

As for the §1983 claim against Thomas, Defendants' motion to dismiss only takes issue with the third requirement, a casual link between the protected speech and the adverse employment actions. Specifically, Defendants argue that there must be a short period of time between the protected activity and the adverse employment action. *Filipovic v. K. & R. Exp. Systems, Inc.*, 176 F.3d 390, 404 (7th Cir. 1999). Defendants argue that the five month period between when Atlas complied with the subpoena in July, 2002 and was terminated in December, 2002 is too great a time span to constitute a causal link. Defendants' argument is flawed. There was not a five month time span

4

between the protected activity and an alleged adverse employment action. Atlas alleges a series of adverse employment actions throughout this five month period, beginning in July, 2002 and culminating with his termination in December, 2002.[3] Atlas is not required to plead in detail all the facts on which his claim is based and we find that he has adequately pled a casual connection sufficient to satisfy the third element of his §1983 claim. *Leatherman*, 507 U.S. at 168. Defendants' motion to dismiss Count IV is denied as to Thomas.

## *Tort Immunity*

Because we found that plaintiff's First Amendment Retaliation claims as to Thomas survived, we now address Defendants' motion to dismiss Atlas' various state claims. Defendants argue that plaintiff's state law claims must be dismissed because the Defendants are not liable pursuant to the Local Government and Governmental Employees Tort Immunity Act ("Act"), 745 ILCS 10/1-101 *et. seq.* Under the Act, local governmental units are liable in tort, but with an extensive list of immunities based on specific government functions. *Harrison v. Hardin County Community Unit School District No. I*, 197 Ill. 2d 466, 471 (2001); see also *In re Chicago Flood Litigation*, 176 Ill. 2d 179 (1997). In general, "grants of immunity to public officials are premised upon the idea that such officials should be allowed to exercise their judgment in rendering decisions without fear that a good-faith mistake might subject them to liability." *Id.* at 472. The public official's actions must, however, be both a determination of policy and an exercise of discretion. *Id.*

---

[3]Alleged incidents include, but are not limited to, wrongful discipline, constant harassment, and three incidents of vandalism to his automobile.

At this stage in the litigation, we cannot say that Defendants' actions, as pled by Atlas, were made in the determination of policy or the exercise of discretion. Therefore, Defendants' immunity defense is either premature, or does not apply to the charges pled by Atlas. Defendants will be able to reassert their tort immunity defense, if appropriate, through a motion for summary judgment when the record is more fully developed.

### *Count III - Battery and Count V - State Law Retaliation*

Defendants' assertion of tort law immunity was the sole basis for its motion to dismiss plaintiff's battery (Count III) and state law retaliation claims (Count V). Because we do not find Defendants' immunity claim persuasive at this point in the litigation, their motion to dismiss is denied as to Counts III and V. However, we do note that Atlas has not stated a valid battery claim against Thomas, and has not stated a valid retaliation claim against Mosesel. Although Defendants have not made any arguments to support the dismissal of specific claims against individual defendants, we cannot let Count III stand as to Thomas and Count V stand as to Mosesel.

### *Count II - Intentional Infliction of Emotional Distress*

Now we turn to plaintiff's claim for intentional infliction of emotional distress (Count II). Defendants move to dismiss Count II, arguing that the conduct plaintiff alleges failed to rise to the level of extreme outrageous conduct. Defendants further argue that plaintiff "failed to allege sufficient facts of the requisite severe emotional distress." Defendants correctly point out that liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions or trivialities." *Public Finance Corp.*

v. Davis, 66 Ill. 2d 85, 89-90 (1976). Liability attaches where the defendant's conduct is "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency." Id. at 90.

When considering whether conduct is extreme or outrageous, "the degree of power or authority which a defendant has over a plaintiff can impact upon whether that defendant's conduct is outrageous." McGrath v. Fahey, 126 Ill. 2d 78, 86-87 (1988). The more control the defendant has over the plaintiff, the more likely that defendant's conduct will be deemed outrageous. Id. at 87. In circumstances involving the abuse of a position of power, "[t]he extreme and outrageous nature of the conduct may arise not so much from what is done as from abuse by the defendant of some relation or position which gives him actual or apparent power to damage plaintiff's interests." Milton v. Illinois Bell Tel. Co., 101 Ill. App. 3d 75, 79 (1st Dist. 1981).

Atlas' complaint alleges that Thomas and others tried to prevent him from complying with the grand jury subpoena and later retaliated against him for his compliance. Atlas also claims that Thomas, using her power as City Mayor, proceeded with a sham investigation for the sole purpose of retaliating against him because he cooperated with the grand jury subpoena. These allegations satisfy the pleading requirement for intentional infliction of emotional distress as to Thomas. However, Atlas has not alleged intentional infliction of emotional distress against Mosesel. Defendants' motion to dismiss Count II is denied as to Thomas and granted as to Mosesel.

7

### Count VI - Public Disclosure of Private Facts

Next, Atlas alleges the tort of public disclosure of private facts. In order to state a claim for public disclosure of private facts, Atlas must plead that (1) publicity was given to the disclosure of private facts, (2) the facts were private and not public facts, and (3) the matter made public would be highly offensive to a reasonable person. *Wynne v. Loyola University of Chicago, et. al.*, 318 Ill. App. 3d 443, 453 (1st Dist. 2000). In his complaint, Atlas alleges that as a result of the ongoing harassment and hostile work environment created by Defendants' actions, he had to seek medical attention and that details of his medical treatment were disclosed to the rest of the office without his consent.

Defendants move to dismiss the claim arguing that (1) the alleged disclosure did not contain "highly offensive" information, (2) Thomas had a "natural and proper interest" in receiving the disclosed information, and (3) Atlas did not properly plead any of the named Defendants in his amended complaint. Whether the information disclosed is "highly offensive" and whether Thomas had a "natural and proper interest" in receiving the disclosed information are questions of fact better left for summary judgment.

However, Defendants correctly point out that Atlas has failed to allege which, if any, of the Defendants disclosed information regarding his medical condition. Atlas claims that a Human Resources employee failed to properly insure that conversations within the department were kept confidential and that as a result, someone overheard private information concerning Atlas' medical situation. Atlas also alleges that "on or about July 15, 2001" he walked in on a conversation between two employees who were

8

discussing him "being sick." Atlas does not allege that Thomas or Mosesel disclosed "private information." Additionally, the alleged July, 2001 conversation is impossible because Atlas did not begin working for the City until August, 2001. Defendants' motion to dismiss Count VI is granted because Atlas does not allege that any of the named defendants disclosed or publicized the disclosure of Atlas' private facts.

### Count VII - False Light

In addition to the ongoing harassment and retaliation for plaintiff's compliance with state authorities in their investigation, Atlas alleges that he was placed in a false light by Thomas when she characterized him as a "whistle blower" and indicated to Atlas' coworkers that he was an informant for the grand jury. Defendants move to dismiss this claim, arguing that Atlas failed to attribute any false statements to the Defendants.

Atlas alleges that he did not voluntarily approach the grand jury to provide them with information, but rather, complied with a subpoena as required by law. Atlas argues that characterizing him as a "whistle blower" and informant placed him in a false light. Characterizing Atlas as a "whistle blower" and informant could be viewed as a false statement and, therefore, the motion to dismiss as to Thomas is denied. However, the motion to dismiss as to Mosesel is granted because Atlas did not allege that Mosesel placed him in a false light.

### Count VIII - City Liability

Finally, in Count VIII, Atlas alleges that under section 9-102 of the Illinois Tort Immunity Act, 745 ILCS §10/9-102, the City is liable for damages caused by the tortious actions of the individual defendants, Thomas and Mosesel, because they were

9

employees and/or agents of the City acting within the scope of their employment during the relevant time period. Defendants argue that a claim under 745 ILCS §10/9-102 is premature because no judgment or settlement against any individual employee has been established. We agree. A section 9-102 claim cannot be brought prior to judgment because "[s]ection 9-102 claims are strictly relegated to the post-judgment stages of litigation." *Concealed Carry, Inc. v. City of Chicago*, 2003 W.L. 22283948 at *9 (N.D. Ill. Sept. 30, 2003). Therefore, defendants' motion to dismiss Count VIII is granted.

### *Conclusion*

For the reasons stated above, Defendants' motion to dismiss Atlas's amended complaint is granted in part and denied in part. The motion to dismiss is granted as to Counts VI and VIII. The motion to dismiss is granted as to Mosesel for Counts II, IV, V and VII. The motion to dismiss is granted as to Thomas for Count III. The motion to dismiss is denied as to the remaining counts. Plaintiff is given twenty-one days to file an amended complaint consistent with this order. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: March 11, 2004