# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4814 | **DATE** | 5/24/2004 |
| **CASE TITLE** | Atlas vs. City of N. Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   At stated in the attached Order, defendants' motion to dismiss plaintiff's second amended complaint pursuant to FRCP 12(b)(6) [25-1] is granted in part and denied in part. Mosesel's motion to dismiss is granted as to Count VI, denied as to Counts I and III, and denied as moot as to Count IV. Thomas' motion to dismiss Count II is granted. The City's motion to dismiss Count II is denied. Defendants' motion to dismiss Count VII is denied. Status hearing remains set for 5/27/04 at 9:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 5 2004 date docketed | 31 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials 5/24/2004 | |
| | Copy to judge/magistrate judge. | | | |
| KF | courtroom deputy's initials | 2004 MAY 25 PM 4:10 | date mailed notice KF6 mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL E. ATLAS, )
)
    Plaintiff, )
)  No. 03 C 4814
v. )
)  Mag. Judge Michael T. Mason
THE CITY OF NORTH CHICAGO, an )
Illinois Municipal Corporation, )
MAYOR BETTE THOMAS individually, )
and in her official capacity, and )
DEVON MOSESEL individually )
)
    Defendants. )

DOCKETED
MAY 2 5 2004

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Defendants, City of North Chicago ("City"), Bette Thomas ("Thomas"), and Devon Mosesel ("Mosesel") (collectively "Defendants"), filed a motion to dismiss parts of plaintiff's, Michael Atlas ("Atlas"), Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] Defendants filed a previous motion to dismiss plaintiff's Amended Complaint, which we granted in part and denied in part in a March 11, 2004 order. In their current motion, Defendants seek to dismiss Count I for intentional infliction of emotional distress as to Mosesel, Count II for battery as to Thomas and the City, Count III for First Amendment retaliation as to Mosesel, Count IV

---

[1] We take this opportunity to caution both sides that we will not accept future submissions, by either party, that lack citations to case law for *each* legal proposition asserted. Defendants' motion to dismiss does not contain a single case law citation, or a supporting memorandum of law. Even more disturbing, the motion makes legal arguments that are contrary to applicable state and federal case law. Like the Seventh Circuit, "[t]his Court will not do the parties' legal research and analysis." *See In the Matter of John A. Maurice*, 21 F.3d 767, 774 (7th Cir. 1994).

for retaliatory discharge as to Mosesel, Count VI for false light as to Mosesel, and Count VII for a violation of the Mental Health and Developmental Disabilities Confidentiality Act ("Mental Health Act") as to all three Defendants. For the following reasons, we GRANT in part and DENY in part Defendants' motion to dismiss.

*Factual Background*

Because we have issued a prior memorandum opinion on Defendants' original motion to dismiss, we merely restate the facts and legal standard from our previous opinion. Atlas began working for the City on August 27, 2001 in its Comptroller's Department. At that time, Thomas was the mayor of the City and Mosesel was a City employee. Sometime in July, 2002, while at work, Atlas was served with a subpoena, ordering him to appear before the Lake County, Illinois Grand Jury on July 17, 2002. The claims in Atlas' Second Amended Complaint stem from actions he alleges Thomas, Mosesel and other City employees undertook from the time he received the subpoena, until he was terminated from his employment with the City in December, 2002. Atlas alleges that he was retaliated against in violation of federal and state law and subjected to various state law torts in an initial attempt to dissuade him from complying with the subpoena, and later, in retaliation for his subsequent compliance with the subpoena.

*Legal Analysis*

In granting a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiff's well-pled complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47. This "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

We will address Defendants' motion to dismiss each claim in the order in which they were pled in plaintiff's Second Amended Complaint.

*Count I - Intentional Infliction of Emotional Distress*

First, defendant Mosesel seeks to dismiss plaintiff's claim for intentional infliction of emotional distress (Count I), arguing that Atlas has failed to plead a valid claim and that his current claim is "substantially the same" as the one this Court previously dismissed. *Def.s' Reply Br.* at 2. We disagree. Taking plaintiff's allegations in the light most favorable to him, as we must, we find that Atlas has stated a valid claim against Mosesel for intentional infliction of emotional distress.

In *McGrath v. Fahey*, the Illinois Supreme Court set forth the following required elements for an intentional infliction of emotional distress claim: "(1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress and (3) the conduct must in fact cause severe emotional distress." *Honaker v. Smith,* 256 F.3d 477, 490 (7th Cir. 2001) (citing *McGrath v. Fahey*, 126 Ill. 2d 78, 127 Ill. Dec. 724, 533 N.E.2d 806, 809 (1988)).

3

However, "the tort does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *Honaker*, 256 F.3d at 490 (quoting *McGrath*, 533 N.E.2d at 809). "Instead, the conduct must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker*, 256 F.3d at 490.

Plaintiff's allegations are sufficient to survive Mosesel's motion to dismiss. Mosesel's sole basis for dismissing plaintiff's claim is that the alleged conduct does "not rise to the level of outrageous acts going beyond all possible bounds of decency." *Def.s' Reply Br.* at 2. The question of whether conduct is sufficiently extreme to sustain a complaint for intentional infliction of emotional distress is to be resolved on a case-by-case basis. *Geist v. Martin*, 675 F.2d 859, 861 (7th Cir. 1982). In light of prior case law, we find that plaintiff's allegations of constant harassment, physical violence and dissemination of confidential mental health information by Mosesel are sufficiently extreme and outrageous conduct to withstand a motion to dismiss. *See Reid v. LaGrange Memorial Hospital*, 1989 WL 58232 at *1 (N.D. Ill. May 30, 1989) (holding that "being assaulted and battered by one's supervisor and as a result being fired, while the supervisor receives no discipline, is sufficiently extreme conduct."). Although *Reid* involved the actions of a supervisor, while Mosesel is a co-worker of Atlas, we still find the holding in Reid instructive on whether Mosesel's alleged actions constitute extreme conduct.

Mosesel cites *Khan v. American Airlines* in support of her motion to dismiss. 266 Ill. App. 3d 726, 639 N.E.2d 210, 215 (1st Dist. 1994). However, *Khan* is distinguishable from the facts in our case. In *Khan*, the court dismissed plaintiff's claim for intentional infliction of emotional distress, finding that the alleged actions did not go

4

beyond the parameters of the typical workplace dispute. *Khan*, 639 N.E.2d at 215. The defendant security guards in *Khan*, as part of their employment duties, took the plaintiff into custody and kept him in custody after learning that he was en route to his father's funeral. Such conduct was not extreme and outrageous because it was undertaken with legitimate objectives in mind, namely plaintiff was suspected of possessing a stolen airline ticket. Unlike *Khan*, there are no conceivable legitimate objectives behind Mosesel's alleged conduct. Plaintiff has met the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and, therefore, Mosesel's arguments regarding the severity of the alleged actions are best left for summary judgment or trial.

Mosesel also asserts, without citation to case law and with an incorrect citation to the applicable section of the Illinois Compiled Statutes, that plaintiff may not assert a prayer for punitive damages for a state law claim without seeking and obtaining prior leave of Court. Mosesel's assertion is not correct. 735 ILCS 5/2-604.1[2], requiring plaintiffs in state court proceedings to seek leave of court prior to filing a prayer for relief that includes punitive damages, is a procedural requirement. *MCI Worldcom Network Services v. Big John's Sewer Contractors Inc.*, 2003 WL 22532804 at *3 (N.D. Ill. Nov. 7, 2003). Federal courts deciding state law claims do not follow state procedural requirements. *Id.* Therefore, plaintiff is not required to obtain leave of court prior to asserting a claim for punitive damages and Defendants' request to dismiss plaintiff's prayer for punitive damages is denied.

---

[2]735 ILCS 5/2-604.1, not 735 ILCS 5/2-1207 as plaintiff asserts, requires a state court plaintiff to seek and obtain leave of Court prior to amending his complaint to include a prayer of relief seeking punitive damages. 735 ILCS 5/2-1207 addresses the Court's ability to remit and apportion punitive damages.

## Count II - Battery

Defendants Thomas and the City move to dismiss plaintiff's claim for battery, arguing that he has not alleged sufficient facts to state a cause of action against them. It is undisputed that plaintiff has not alleged that either Thomas or the City actually intended to and did effect a harmful or offense contact against him. Therefore, it appears that plaintiff is asserting liability against Thomas and the City on the theory of respondeat superior vicarious liability. Unfortunately, neither party provided this Court with the elements of the theory of respondeat superior, much less an application of the elements to the facts of our case.

As an initial matter, liability under the theory of respondeat superior only applies to an employer. *Robinson v. Roney Oatman, Inc.*, 1999 WL 98338 at *8 (N.D. Ill. Feb. 19, 1999) (citing *Wright v. City of Danville*, 174 Ill. 2d 391, 405 (1996)). Nowhere in Atlas' Second Amended Complaint does he allege that Thomas was his or Mosesel's employer. Therefore, the theory of respondeat superior is not applicable to Thomas and Count II is dismissed as to her.

However, Atlas does allege that the City is his and Mosesel's employer, requiring further analysis of vicarious liability as to the City. Under traditional respondeat superior analysis, an employer is only liable for the torts of its employees that are committed "within the scope of that employment." *Robinson*, 1999 WL 98338 at *8 (quoting *Wright*, 174 Ill. 2d at 405). Illinois law governs whether the alleged actions are within the scope of employment. *Taboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998). Illinois law provides that an employee's acts fall within the scope of employment if: "(a)

6

it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master." *Id.*

As stated above, both parties failed to adequately address the theory of respondeat superior in their pleadings and we decline to undertake such analysis *sua sponte*. Therefore, defendant's motion to dismiss Count II as to the City is denied for failure to provide an adequate basis upon which to grant its request.

We also note that some of plaintiff's claims, including battery, as to one or more of the Defendants may be preempted by Illinois law. Specifically, the Illinois Worker's Compensation Act ("IWAC"), 820 ILCS 305/1 *et seq.*, may preempt plaintiff's tort claims. However, we will not address this issue further since neither party has raised it.

**Count III - Retaliation in violation of 42 U.S.C. §1983**

Next, defendant Mosesel moves to dismiss plaintiff's First Amendment retaliation claim against her, arguing that plaintiff "does not properly allege that defendant Mosesel was acting 'under color of law'." *Def.s' Reply Br.* at 3. However, this argument fails to acknowledge paragraph 83 of the Second Amended Complaint, which alleges that "[a]ll actions taken against [plaintiff] by Mayor Thomas, Devon Mosesel and the City of North Chicago were undertaken under color of law . . ." For the purposes of a motion to dismiss, plaintiff has adequately alleged that Mosesel was acting under color of law. Because that was Mosesel's only ground for dismissing plaintiff's §1983 retaliation claim, her motion is denied as to Count III.

### Count IV - State Law Retaliatory Discharge

Defendant Mosesel also moves to dismiss Count IV for state law retaliation. However, Count IV of the Second Amended Complaint does not name Mosesel as a defendant.[3] Mosesel has moved to dismiss a claim that is not currently pending against her. Therefore, her motion to dismiss Count IV is denied as moot.

### Count VI - False Light

Mosesel further moves to dismiss plaintiff's false light claim (Count VI), arguing that plaintiff has failed to state a cause of action for false light. In his response, Atlas concedes this fact, acknowledging that he has not alleged that Mosesel personally made any false statements about him, or placed him in a false light. Therefore, Count VI for false light is dismissed as to Mosesel.

### Count VII - Mental Health and Confidentiality Act

Finally, Defendants move to dismiss Count VII for violations of the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq.* Defendants argue, without citation to case law, that the communications, which were allegedly disclosed and form the basis of plaintiff's claim "do not fall within the communications and/or records as defined in the [Mental Health] Act." *Def.s' Mot. to Dismiss* at 6. Paragraph 37 of the Second Amended Complaint alleges that "[e]mployees in the City's Human Resources department divulged and widely disseminated confidential medical information regarding Atlas' counseling to the office and employees in non-managerial positions." Paragraphs 108 and 109 further allege that Human Resource employees

---

[3] A fact neither side recognized or incorporated into their pleadings.

were given confidential information about plaintiff's mental health treatment, which they disclosed. At this stage in the litigation, it is not appropriate for us to entertain arguments as to what specific documents or information were allegedly disclosed, and whether they fall within the definition of documents covered under the Mental Health Act. Those questions are better addressed after the close of discovery. Therefore, Defendants' motion to dismiss Count VII is denied.

## Conclusion

For the reasons stated above, Defendants' motion to dismiss Atlas's Second Amended Complaint is granted in part and denied in part. Mosesel's motion to dismiss is granted as to Count VI, denied as to Counts I and III, and denied as moot as to Count IV. Thomas' motion to dismiss Count II is granted. The City's motion to dismiss Count II is denied. Defendants' motion to dismiss Count VII is denied. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: May 24, 2004